**Bryant William BOWLES, Petitioner–Appellant,**

v.

**Richard L. DUGGER, Respondent–Appellee.**

**No. 86–5770**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 29, 1988.

---

Bryant William Bowles, pro se.

Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before HILL, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Appellant, Bryant William Bowles, was convicted of trafficking in cannabis and methaqualone in violation of Florida law, and he is presently incarcerated in a Florida prison. He filed the present motion for habeas corpus relief in the United States District Court for the Southern District of Florida under 28 U.S.C. § 2254, ultimately alleging eleven grounds for relief. The district court adopted the extensive and thorough report and recommendation of Magistrate Peter R. Palermo, and dismissed the petition by an order dated August 29, 1986. We have reviewed Bowles' claims and affirm the dismissal of his petition for the reasons stated in the magistrate's report and recommendation as adopted by the district court.

We believe it is important, however, to specifically address Bowles' claim that he was denied effective assistance of counsel. Prior to appellant's trial on drug charges, he moved the trial court for permission to represent himself. The court conducted an inquiry, including a competency examination, to determine the validity of his waiver of counsel. Appellant was advised of the severity of the charges and of his right to appointed counsel if he could not afford an attorney. The court also advised appellant of what would take place during the trial. Ultimately the court concluded that Bowles was voluntarily and intelligently exercising his right to represent himself, and he was allowed to proceed *pro se*. As a final precaution, however, the court appointed stand-by counsel, Mr. Mathews, to sit with Bowles during the trial.

At some point during the trial Bowles moved to withdraw from self-representation, in part because he "didn't expect to be overruled on all these things." Mathews expressed some reluctance to take over at mid-trial and he requested a continuance. The court denied the continuance and informed Bowles that he was free to carry on as his own counsel or to have Mathews assume the representation. Bowles requested that Mathews take over, and the trial proceeded accordingly. In Bowles' habeas petition he claims that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. He initially challenged his own performance as counsel as well as Mathews', but subsequently made it clear that he was challenging only Mathews' performance after he assumed the representation at mid-trial. We find this claim to be without merit.

A defendant who has validly waived the right to representation by counsel and who is proceeding as his own lawyer does not carry with him a right to an automatic continuance. The position of appellant is, ultimately, that he did have a right to a continuance at any time he wished. His position is that a *pro se* defendant could claim that right by announcing his surprise at the difficulties of self-representation and demanding counsel along with sufficient time for counsel to prepare. The claim of surprise at the difficulties of self-representation is a hollow one because in waiving the right to counsel and electing to proceed *pro se* the defendant is impressively ad-

vised of the difficulties to be encountered. Having voluntarily assumed the burdens and risks of self-representation, which appellant had a right to do, he may not be heard to complain that he was surprised that he had assumed those burdens.

When appellant addressed the trial judge and told him of the difficulties he had encountered, he did so as his own counsel. The trial judge in this case probably did more than was required—it may well be that he could have required Bowles to continue as his own lawyer. We need not decide that, however, for the judge offered to recognize the standby counsel if Bowles, as his own counsel, asked the judge to do so. The only thing that the district court denied Bowles was the right to obtain a continuance at any time during the trial that he elected to ask for one. He has no such right, and the denial did not deprive Bowles of any constitutional right. Moreover, in this case, despite Bowles' protestations, the record shows that Mathews presented Bowles' defense in an able and competent manner. Given the record in this case, appellant may not be heard to complain of the unfairness resulting from the situation which he knowingly orchestrated.

The decision of the district court is AFFIRMED.